IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GRACIELA RIVERA MELENDEZ,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CIVIL NO.  22-1542 (HRV)

## OPINION AND ORDER

### I. Introduction

Graciela Rivera Meléndez, ("Plaintiff" and/or "Claimant"), moves the Court to remand this case to the Commissioner of Social Security ("the Commissioner"). Plaintiff argues that the Administrative Law Judge's ("ALJ") decision was not supported by substantial evidence. However, after a review of the record and the parties' memoranda, I affirm the decision.

### II. Standard of Review

Under the Social Security Act ("the Act"), a person is disabled if she is unable to do his prior work or, "considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d).

The Act sets forth a five-step inquiry to determine whether a person is disabled. *See* 20 C.F.R. § 404.1520(a)(4). The steps must be followed in order, and if a person is determined not to be disabled at any step, the inquiry stops. *Id*. Step one asks whether the plaintiff is currently "doing substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(I). If she is, she is not disabled under the Act. *Id*. At step two, it is determined whether the plaintiff has a physical or mental impairment, or combination of impairments, that is severe and meets the Act's duration requirements. 20 C.F.R. § 404.1520(a)(4)(ii). The plaintiff bears the burden of proof as to the first two steps. Step three considers the medical severity of the plaintiff's impairments. 20 C.F.R. § 404.1520(a)(4)(iii). If, at this step, the plaintiff is determined to have an impairment that meets or equals an impairment listed in 20 C.F.R. pt. 404, subpt. P., app. 1, and meets the duration requirements, she is disabled. 20 C.F.R. § 404.1520(a)(4)(iii).

If the plaintiff is not determined to be disabled at step three, her residual functional capacity ("RFC") is assessed. 20 C.F.R. § 404.1520(a)(4), (e). Once the ALJ determines the RFC, the inquiry proceeds to step four, which compares the plaintiff's RFC to his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the plaintiff can still do her past relevant work, she is not disabled. *Id*. Finally, at step five, the plaintiff's RFC is considered alongside her "age, education, and work experience to see if [she] can make an adjustment to other work." 20 C.F.R. § 404.1520(a)(4)(v). If the plaintiff can make an adjustment to other work, she is not disabled; if she cannot, she is disabled. *Id*.

The Act provides that the "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence exists "if a reasonable mind, reviewing the evidence in the record, could accept

it as adequate to support [the] conclusion." *Irlanda-Ortiz v. Sec'y of Health & Human Servs.*, 955 F.2d 765, 769 (1st Cir. 1991).

The scope of my review is thus limited. I am tasked with determining whether the ALJ employed the proper legal standards and focused facts upon the proper quantum of evidence. *See Manso-Pizarro v. Sec'y of Health and Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). The ALJ's decision must be reversed only it was derived "by ignoring evidence, misapplying law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

### III.     Background and Procedural History

Ms. Rivera Meléndez made her initial application for disability benefits on July 12, 2010, alleging that her disability began on November 4, 2009. *See* Transcript of Social Security Proceedings, Dkt. No. 16, at pgs. 280, 728-732. On February 9, 2011, the Social Security Administration ("SSA") determined that plaintiff was disabled from the date of her alleged symptoms onset and thus entitled to disability insurance benefits. Tr. 445.

In 2014, Dr. José Hernández González, one of plaintiff's treating physicians, and Mr. Samuel Torres, a non-attorney who assisted plaintiff at the administrative level, pled guilty to making false statement to the SSA. Tr. 29 and 702-719. As part of his plea agreement, Torres stipulated that he submitted false statements or representations to the SSA. Tr. 710-716.

Congress has instructed the SSA to conduct an immediate review of the entitlement of individuals to benefits if there is reason to believe that fraud or similar fault was involved in the application for DIB benefits. 42 U.S.C. § 405(u)(1)(A).

On August 21, 2014, the SSA notified plaintiff that it was terminating her disability benefits. After two hearings (February 7, and May 9, 2019), a different ALJ found that plaintiff was not disabled from her alleged onset date through March 31, 2015, her date last insured. Tr. 310-333. The ALJ did not address whether the provision of the evidence involved fraud or similar fault. Therefore, the Appeals Council remanded the matter for another hearing and a decision on the fraud issue. Tr. 22.

After a third hearing (Tr. 53-81), another ALJ issued a redetermination decision on June 30, 2022. Tr. 21-53. The ALJ disregarded several non-medical forms submitted by Torres Crespo, including the adult disability report, finding that "there was reason to believe that the provision of [this] evidence, involved fraud or similar fault." Tr. 24. On that same basis, the ALJ disregarded Hernández González' medical records. Tr. 24.

Without the evidence deemed fraudulent, the ALJ conducted the regulatory five-step sequential analysis and found that Plaintiff was not disabled from her alleged onset date (November 4, 2009) through the date of the original award (February 9, 2011). Tr. 41.

The ALJ concluded that Claimant had the RFC to perform light work as defined in 20 C.F.R. 404. 156§7 (b), except that she could only occasionally climb, balance, stoop, kneel, crouch and crawl; limited to routine tasks; and off-task for 10% of the workday. Tr. 32-33. Furthermore, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in the national economy that she could perform; therefore, she was not disabled. Tr. 42.

On August 2, 2022, Claimant filed a Request for Review of the ALJ's decision. Tr. 726-727. The appeals council refused to review the ALJ's decision, and Plaintiff subsequently filed her complaint for judicial review. Dkt. No. 1.

## IV. Analysis

Plaintiff raises several errors in the ALJ's decision. First, she claims that the ALJ erred in assessing her RFC because there were no specific factual findings regarding obesity-related limitations. *See* Dkt. No. 19 at pgs. 10-11. Second, Plaintiff argues that the RFC determination is not supported by substantial evidence because the ALJ erred in: (1) improperly giving only "partial weight" to Claimant's treating psychiatrist, Dr. Karen Soto Medina; (2) failing to incorporate Plaintiff's limitations in interacting with others into the RFC analysis; (3) failing to consider a discrepancy between the vocational testimony and the Dictionary of Occupational Titles ("DOT"); (4) disregarding evidence stemming from Dr. Hernández Gonzalez's reports on the basis of fraud; and (5) failing to properly assess and discuss the side effects of Plaintiff's medications. I address each claim of error in the same order.

### *Obesity-related limitations*

As to Plaintiff's first argument, I find that the ALJ properly considered the effect of obesity as part of the RFC determination. In finding that Plaintiff had the RFC to perform light work except that she could occasionally climb, balance, stoop, kneel, crouch and crawl, (Tr. 32-33), the ALJ considered the effect of the impairment. Tr. 30. In fact, the ALJ factored obesity into the analysis and discussed it as part of her findings, even though there is no independent listing for obesity. Tr. 38. In addition, the ALJ afforded "great weight" to the opinion of Dr. Benjamin Cortijo, a state medical consultant who took into consideration Plaintiff's obesity, as well as her other conditions, and

determined that Plaintiff could still perform "light work." Tr. 38-38, 300-303. Accordingly, I find that the ALJ based her conclusions on substantial evidence and applied the correct legal principles.

### *Weight given to Dr. Soto Medina's diagnosis*

Regarding Plaintiff's second argument, I have reviewed the evidence upon which the ALJ based the findings, especially Dr. Soto Medina's medical notes.

The ALJ determined that Dr. Soto Medina's conclusions were "quite vague" and "did not provide a function-by-function analysis" of Claimant's "abilities and limitations." Tr. 38. In addition, the ALJ reasoned that Dr. Soto Medina's opinion that Claimant had impaired stress tolerance and task persistence was contradicted by the doctor's own treatment notes.

The record reflects that Dr. Soto Medina treated plaintiff from 2006 through 2012. Her August 28, 2010, report states that "patient has moderate psychomotor retardation, was blocked and [had] mutism." Tr. No. 844. Dr. Soto Medina entered a diagnosis of mayor depression and anxiety disorder. Tr No. 847. In her subsequent progress notes, however, Dr. Soto Medina noted that Plaintiff had "average intellectual capacity" and that her short term memory, long term memory and attention span were "conserved" rather than "impaired." Tr. 904-915. Dr. Soto Medina also found that plaintiff had logical and coherent speech, had no flight of ideas, and was oriented to person, place, and time. Tr. 913.

Therefore, the ALJ was correted in stating that Dr. Soto Medina's treatment notes are inconsistent with an "impaired" diagnosis. For that reason, I conclude that the ALJ's findings are supported by substantial evidence.

***Plaintiff's interaction limitations***

According to Plaintiff, the ALJ "fail[ed] to make part of her analysis any interacting limitation whatsoever." *See* Dkt. 19 at pg. 19.  After reviewing the ALJ's report, I disagree with Plaintiff's characterization. The ALJ evaluated Plaintiff's capacity to interact "independently, appropriately, effectively, and on a sustained basis, with other individuals," Tr. 31, and found that she only had a "mild limitation." *Id*.

To reach this conclusion, the ALJ contrasted the findings in Dr. Soto Medina's report with her contemporaneous notes and, most importantly, with Plaintiff's hearing testimony. Tr. No. 30-31.  Seeing nothing on the record that pointed to Plaintiff having a social anxiety disorder or agoraphobia diagnosis, or having received intervention treatment to treat symptoms of the severity that Plaintiff claims, the ALJ properly concluded that she did not have a severe limitation on the interaction factor.

Again, the scope of my review is limited to examining whether the ALJ's findings are supported by substantial evidence and whether the correct legal principles were applied.  I find that the ALJ's determination met both prongs.

***Discrepancy between the vocational testimony and the DOT***

Next, Plaintiff points to the vocational expert ("VE"), who testified that Plaintiff would have been able to perform the jobs of photo machine operator, routing clerk, and other unskilled work.  Plaintiff complains that all those jobs have a reasoning level of 2 per the DOT, which contradicts the RFC's determination that plaintiff is limited to "simple, routine tasks." *See* Dkt. No. 19 at pg. 21.

The ALJ addressed the alleged inconsistency in her determination, Tr. at pg. 41, insofar as the VE's testimony reflected limitations not contemplated by the DOT. Specifically, the VE considered that plaintiff had to be off-task for 10% of the workday.

However, the ALJ concluded that as per SSR 00-4p, a VE may be able to provide more specific information about occupations than the DOT. As such, the ALJ accepted the VE's testimony and recommendations. *Id*. Given the ALJ's explanation, I see no reason to disturb her findings.

### *Evidence based on Dr. Hernández Gonzalez's treatment notes*

Plaintiff argues that the ALJ improperly disregarded the opinion of the original state agency consultant—who found that plaintiff met listing 1.04A regarding disorders of the spine—on the basis that it relied, at least partly, on fraudulent medical conclusions. *See* Dkt. No. 19 at pg. 21. According to Plaintiff, the ALJ did not identify which state agency medical consultant was being referenced and "what part of his opinion" was the ALJ rejecting. *See* Dkt. No. 19 at pg. 22.

Upon careful review of the record, I find that the ALJ did not improperly discard Dr. Ruiz Soto's opinion.

Although the ALJ did not identify Dr. Ruiz Soto by name, her references to his report are unmistakable. She mentions that he was the "original agency psychiatric advisor," describes his findings, and points to his report at Exhibit 2A. *See* Tr. 37. The list of Exhibits to the ALJ's determination identified Exhibit 2A as Dr. Ruiz Soto's report. *See* Tr. 43.

Likewise, the ALJ's conclusion that Dr. Ruiz Soto's report was based at least in part on Dr. Hernández González's notes is supported by substantial evidence. For example, Dr. Ruiz Soto makes reference to "evidence of disk disease, back pain, lss radiculopathy and c/s radiculopathy by EMG/NCV. TP of Dr. Hernández Report with evidence of LOM, weakness." Tr. 284. Dr. Ruiz Soto's report also defers to Dr. Hernández González's findings that Plaintiff was "unable to grip, grasp, pinch, oppose,

tap…strength of 3/5 with atrophy of hands…limping gait, dragging both legs, lack of balance, unstable joints…carry a cane in right hand necessary at all time/terrain." Tr. 285.

There is no evidence on the record that Dr. Ruiz Soto corroborated these findings even when a note on the case report indicates that "the evidence of Dr. Hernández present a [sic] significant internal discrepancies that need to be clarify" [sic]. Tr. 285. For this reason, the ALJ did not err in disregarding Dr. Ruiz Soto's medical opinion.

### *Addressing the side effects of plaintiff's medications*

Lastly, Plaintiff argues that the ALJ failed to "make a particularized finding concerning the effect of combined medications on [her] impairments." *See* Dkt. No. 19 at pg. 23.  According to Plaintiff, the law requires the ALJ to analyze and explain the "type, dosage, effectiveness, and side effects" of medications and how they affect Claimant's impairments. *Id.*

For support, Plaintiff cites to a series of cases, none of which are from our district, or circuit. Plaintiff relies heavily on *Martin v. Apfel*, 118 F. Supp. 2d 9 (D.D.C. 2000), a case from the District of Columbia.  In *Martin*, the District Court found that the ALJ ignored probative evidence consisting of plaintiff's uncontradicted testimony on the side effects of her medication and the vocational expert's conclusion that plaintiff was unable to work due to these side effects. *Martin*, 118 F. Supp. 2d at 15.

*Martin* is distinguishable from the facts of this case and, thus, has little persuasive value. Here, the ALJ considered Plaintiff's testimony that she suffered sleepiness during the day.  However, she rejected the notion that Plaintiff suffered extreme fatigue because those symptoms did not appear in any of the contemporaneous medical records. *See* Tr.

37. In that respect, the ALJ stated "despite her testimony, contemporaneous records do not support her claims of disabling fatigue...[G]iving the beneficiary some benefit of the doubt regarding her complaints of pain and fatigue during the relevant period, I have erred in the side of finding that she would be off-task for 10% of the workday." *Id*. This determination was in light with the VE's recommendation.

Therefore, Plaintiff's testimony regarding the side effects of her medications was not uncontested and the ALJ considered it and gave it the appropriate weight as per the evidence on record.

**V.  Conclusion**

Taking all this evidence, I find that the ALJ properly evaluated the medical findings on the record in determining plaintiff's RFC and employed the proper legal standards. In accordance therewith, I AFFIRM the decision of the Commissioner.

**IT IS SO ORDERED**

In San Juan, Puerto Rico this 30th day of November, 2023.

S/Héctor L. Ramos-Vega
HÉCTOR L. RAMOS-VEGA
UNITED STATES MAGISTRATE JUDGE